# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ROBERT ZANDI, Pro Se v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7242PC     C. Creed McGinley, Judge**

---

**No. W2003-01314-CCA-R3-PC  - Filed January 30, 2004**

---

The Petitioner, Robert Zandi, appeals the trial court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Concluding that the petition is barred by the one-year statute of limitations, the State's motion is granted and the denial of relief entered by the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Robert Zandi, pro se

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On October 7, 1996, Petitioner, Robert Zandi, was convicted of second degree murder by a jury of his peers and received a sentence of eighteen years in the Department of Correction. This Court affirmed his conviction  on January 15, 1998, and, our supreme court denied application for permission to appeal on October 19, 1998. *See State v. Robert Zandi*, No. 02C01-9703-CC-00122, 1998WL12672, *1 (Tenn. Crim. App. at Jackson, Jan. 15, 1998), *perm. to appeal denied*, (Tenn. Oct. 19, 1998).  On April 25, 2003, Petitioner filed a *pro se* petition for post-conviction relief, alleging (1) the trial court erred by failing to instruct the jury as to the lesser included offenses of reckless homicide and criminally negligent homicide, (2) the sentence is excessive, and (3) the State failed to prove the "mens rea" element of the offense. By order entered May 6, 2003, the trial court summarily denied relief, finding the petition barred by the one-year statute of limitation.

Pursuant to Tennessee Code Annotated section 40-30-202(a) (*renumbered as 40-30-102 by* 2003 Repl.), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The petition filed on April 25, 2003, was filed well outside the one-year statute of limitation.

Although the Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, none of them are applicable to the present case. *See* Tenn. Code Ann. § 40-30-202(b). Petitioner's assertion that *State v. Thomas Gatewood*, No. M2001-01871-CCA-R3-CD, 2002WL1204930, *1 (Tenn. Crim. App. at Nashville, Jun. 5, 2002), *perm. to appeal denied*, (Tenn. Oct. 28, 2002), established a "constitutional right that was not recognized as existing at the time of trial" is misplaced. The decision of this Court in *Gatewood* did not establish a new constitutional right, rather the decision applied existing law to a different set of facts, as do the majority of opinions of this Court.

Accordingly, we conclude that the trial court did not err in dismissing the Petitioner's petition for post-conviction relief. It is, therefore, ORDERED that the judgment of the trial court is hereby affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE